[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

No. 04-14536

D. C. Docket No. 01-00146-CV-ORL-31-KRS

LAWRENCE E. WEST, JR.,
RENN WEST,

Plaintiffs-Appellants,

versus

DYNCORP,

Defendant-Appellee,

DYNAIR CFE SERVICES, INC.,
n.k.a. Swissport CFE, Inc., et. al..

Defendants.

Appeal from the United States District Court
for the Middle District of Florida

**(August 15, 2005)**

Before TJOFLAT, PRYOR and ALARCON*, Circuit Judges.

_____

*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

In this case, appellee DynCorp had a contract with the U.S. State Department to eradicate coca plants in Columbia, S.A. The contract called for fixed wing pilots to fly aircraft and conduct aerial spraying missions.[1] DynCorp had no pilots to fly its aircraft, so it subcontracted with EAST to provide qualified fixed wing pilots. Appellant Lawrence E. West, Jr., was one of the pilots EAST provided. On February 6, 2000, an OV-10 aircraft West was piloting crashed near Larandia, Columbia. West survived the crash and brought this common law tort action against DynCorp (and others not before us) to recover compensatory and punitive damages.[2] His third amended complaint asserted the following personal injury claims against DynCorp: Count I, negligence, Count III, strict liability; Count IV, fraud and misrepresentation; Count V, willful, wanton, and reckless misconduct.

DynCorp's answer, in addition to denying that it had committed these torts, alleged that it was immune from suit under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq., because at the time of the

[1] As part of its contract responsibilities, DynCorp was responsible for overseeing the modification of a fleet of OV-10 aircraft, so that they could carry and spray herbicide, and providing support and maintenance services for the fleet.

[2] His wife joined him as a plaintiff. Since her recovery depends on the merits of West's claims, we refer only to West in this opinion.

crash, and the events leading up to it, West was functioning as DynCorp's borrowed servant. The parties agreed that whether West was a borrowed servant presented a question of law for the district court to decide.

DynCorp moved the court for summary judgment on the borrowed-servant issue, and the district court held oral argument on the motion. At the end of the hearing, the court denied the motion, concluding that material issues of fact remained to be litigated, and scheduled "[a] pretrial evidentiary hearing." On the scheduled hearing date, the court stated: "This hearing today was noticed as a bifurcated bench trial." West's counsel participated in the ensuing fact-finding proceedings without objection. A represented party forfeits his or her right to a jury trial by participating in a bifurcated bench trial without timely objection. Southland Reship, Inc. v. Flegel, 534 F.2d 639, 645 (5th Cir. 1976).[3]

The bench trial took place on April 20 and 21, 2004. After hearing the evidence and resolving any factual disputes it presented, the court held that West was DynCorp's borrowed servant and that consistent with LHWCA's exclusivity provision, 33 U.S.C. § 905(a), West could not maintain his Count I and Count III claims against DynCorp. It then ordered the parties to brief the question of

---

[3] West's first two complaints demanded a jury trial; his third amended complaint did not. For purposes of this appeal, we treat West as having made a timely demand for a jury trial.

3

whether § 905(a) precluded West's Count IV and Count V claims.

In an order entered on August 3, 2004, the court concluded that the claims asserted in those counts "are unexceptional," and that such claims and the proof West offered to support them "do not suggest in any way that DynCorp acted or failed to act with a deliberate intent to injure" him. In other words, Counts IV and V were duplicitous of Counts I and III. After the court held that the "dual-capacity" doctrine did not apply in the context of this case, it gave DynCorp final judgment dismissing all of West's claims. West now appeals.

First, he contends that because he demanded a trial by jury, the district court erred in resolving the borrowed servant issue at a bench trial. We find no error. Our examination of the record leaves us with no doubt that West consented to the bench trial and thereby waived his Seventh Amendment right to have a jury decide the issues of fact involved in the application of the borrowed servant doctrine. Further, we find no error in the court's resolution of those issues of fact and its conclusion that West was a borrowed servant. Therefore, as the court properly held, § 905(a) foreclosed the negligence and strict liability claims asserted in Counts I and III.

We need not decide whether § 905(a) foreclosed West's Count IV and Count V claims because the allegations of those counts do not rise to the level of

intentional tort. For this reason, the court properly dismissed them. Finally, we agree with the court's ruling that the dual capacity doctrine does not apply in this case.

**AFFIRMED.**